IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BART HERRON, OLGA HERRON, S.H. and
D.H. through their guardian OLGA HERRON,

                     Plaintiffs,

       v.

WELLS FARGO FINANCIAL, INC., a foreign
corporation,

                     Defendant.

CV-05-659-ST

FINDINGS AND
RECOMMENDATIONS

STEWART, Magistrate Judge:

## **INTRODUCTION**

       Plaintiffs, Bart Herron ("Herron"), his wife Olga Herron, and his children S.H. and D.H.

(through their guardian Olga Herron), alleged the following claims against defendant, Well

Fargo Financial, Inc. ("WFF"), arising out of an alleged employment contract between Herron

1 - FINDINGS AND RECOMMENDATIONS

and WFF:  breach of contract (First and Fourth Claims),[1] fraud in the inducement (Second

Claim), fraud in the factum (Third Claim), breach of covenant or duty of good faith and fair

dealing (Fifth Claim) and discrimination under 42 USC § 1981 (Sixth Claim).  They sought

damages in the amount of $250,000 for lost income to the date of filing suit, $7,250,000 for

future lost income, plus punitive damages on the fraud claims.

On May 22, 2006, this court issued its Findings and Recommendations ("F&R") to grant

defendant's Motion for Summary Judgment against all of plaintiffs' claims (docket # 73).

Plaintiffs timely filed objections to that F&R (docket # 75).  By Order dated August 16, 2006,

Judge Anna J. Brown adopted the F&R (docket # 85).  That same day, a Judgment was entered

dismissing this case (docket # 86).

On September 5, 2006, plaintiffs filed two motions now pending before the court:

(1) Motion for Reconsideration of Summary Judgment (docket # 88); and (2) Motion to

Reconsider Entry of Default and Default Judgment (docket # 89).  For the reasons set forth

below, both motions should be denied.

## FINDINGS

### I.  Construing Motions to Reconsider as FRCP 60(b) Motions

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

However, prior to entry of a final judgment, a court may reconsider its own rulings, either *sua*

*sponte* or upon motion by the parties.  *Amarel v. Connell,* 102 F3d 1494, 1515 (9th Cir 1996)

(citation omitted) ("the interlocutory orders and rulings made pre-trial by a district judge are

subject to modification by the district judge at any time prior to final judgment").  After entry of

---

[1]  The Fourth Claim is the same as the First Claim and appears to be a drafting error.

final judgment, a motion for reconsideration is construed according to the type of relief sought. If it is filed within 10 days after entry of judgment, it is treated as a motion to alter or amend the judgment under FRCP 59(e). *Mahone v. Ray*, 326 F3d 1176, 1178 n1 (11th Cir 2003) (citations omitted)*; Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F3d 1292, 1296 n3 (10th Cir 2002); *Inge v. Rock Fin'l Corp.*, 281 F3d 613, 617 (6th Cir 2002). If it is filed more than 10 days (but less than one year) after entry of judgment, it is considered a motion seeking relief from the judgment under FRCP 60(b). *Computerized Thermal Imaging, Inc.*, 312 F3d at 1296 n3; *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F3d 757, 762 (7th Cir 2001) (citation omitted).

Here plaintiffs filed their motions for reconsideration more than 10 days after entry of judgment. Therefore, this court will construe them as motions seeking relief from the judgment under FRCP 60(b).

FRCP 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions brought under this rule require the court to balance the interest in finality of judgments (ones which should not lightly be disturbed), and the desire to achieve justice. *See Rodgers v. Watt*, 722 F2d 456, 459 (9th Cir 1983) (FRCP 60(b) should be construed, along with

the other Federal Rules of Civil Procedure, "to achieve the just determination of every action."). As a result, motions brought under FRCP 60(b) are addressed to the sound discretion of the district court. *See Thompson v. Housing Authority of the City of Los Angeles*, 782 F2d 829, 832 (9th Cir), *cert denied*, 479 US 829 (1986); *Martella v. Marine Cooks & Stewards Union*, 448 F2d 729, 730 (9th Cir 1971), *cert denied*, 405 US 974 (1972).

## II.  Motion to Reconsider Entry of Default

In September 2005, this court granted defendant's motion for extension of time to answer and denied as moot plaintiffs' motion for entry of default (docket # 17).  Plaintiffs contend that this ruling was wrong for a number of reasons.   However, none of those reasons involve mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud.  Instead the reasons relate only to alleged legal error by the court when excusing the late filing of defendant's Answer.

FRCP 60(b) relief is granted only in exceptional circumstances.  *E.g., Sellers v. Mineta*, 350 F3d 706, 716 (8th Cir 2003).  As a general rule, such relief is only available on a ground that could not have presented in a direct appeal.  *Bell v. Eastman Kodak Co.*, 214 F3d 798, 801 (9th Cir 2000).  A claim of legal error may and should be presented on direct appeal.  Therefore, plaintiffs' request for relief under FRCP 60(b) based on reconsidering the court's refusal to enter a default judgment against defendant should be denied.

///

## III.  Motion to Reconsider Summary Judgment Motions

Plaintiffs ask the court to reconsider its ruling on the parties' summary judgment motions because Judge Brown did not review the complete record and, if she had, she would have

granted plaintiffs' Objections to the F&R.  This request is not based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, but instead is based on legal error by the court.  As noted above, this is not a sufficient ground for obtaining relief under FRCP 60(b).

Even if it were, plaintiffs' motion should be denied.  Judge Brown's Order states that she did not review a transcript or tape recording of oral argument before the Magistrate Judge on the motions for summary judgment because plaintiffs did not arrange for the transcription of the hearing.  In fact, plaintiffs did submit a transcript of that hearing as an exhibit to the affidavit supporting their objections to the F&R (docket #76).  However, that error is harmless.  This court reviewed the complete record which it summarized in the F&R, including the discrepancies between the testimony of Bart Herron and Scott Turner upon which plaintiffs so heavily rely in support of this motion.  Furthermore, the F&R, which Judge Brown adopted, assumed facts most favorable to plaintiffs and recommended granting defendant's summary judgment motions based on legal insufficiencies, including the lack of damages and justifiable reliance necessary to prove fraud and the lack of sufficiently definite terms to prove an enforceable contract, as well as the failure of the contract to satisfy the Statute of Frauds.  If plaintiffs believe that the court's ruling was wrong on those issues, then they should pursue a direct appeal.

Plaintiffs also ask the court to reconsider its denial of their Cross-Motion for Summary Judgment (docket # 52) and Amended Motion for Summary Judgment (docket # 56) as untimely. Plaintiffs filed their Cross-Motion for Summary Judgment on March 21, 2006, at the same time as their response to defendants' Motion for Summary Judgment, and filed their Amended Cross-Motion for Summary Judgment the next day.

5 - FINDINGS AND RECOMMENDATIONS

In Objection # 15 to this court's F&R, plaintiffs argued that their Cross-Motions for Summary Judgment were timely because they were on notice of and relied on this court's normal practice of permitting a party to file a cross-motion for summary judgment with its response to the opposing party's summary judgment motion. However, plaintiffs' notice and reliance is based on a statement by this court in a different case. In contrast, the scheduling order in this case clearly required that dispositive motions be due on March 7, 2006, with responses due on March 21, 2006 (docket # 46). Plaintiffs were required to follow the schedule in this case, not the schedule set in an unrelated case. Because plaintiffs had actual notice of the requirement imposed by the scheduling order in this case and chose to disregard it, the court did not commit any legal error.

## RECOMMENDATIONS

For the reasons stated above, plaintiffs' Motion for Reconsideration of Summary Judgment (docket # 88) and Motion to Reconsider Entry of Default and Default Judgment (docket # 89) should be DENIED.

## SCHEDULING ORDER

Objections to this Findings and Recommendation, if any, are due November 9, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district judge and go under advisement.

DATED this 19th day of October, 2006.

6 - FINDINGS AND RECOMMENDATIONS

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATIONS